IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| IEMA LEMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13 cv 331 |
| | ) | |
| CITY OF MILWAUKEE, EDWARD FLYNN, | ) | |
| NANETTE HEGERTY, LADMARALD CATES, | ) | |
| and ALVIN HANNAH, | ) | HON. CLEVERT, JR. |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON COUNT I BASED ON COLLATERAL ESTOPPEL**

Plaintiff Iema Lemons, by and through her counsel, Loevy & Loevy, hereby moves this court for partial summary judgment against Defendant Ladmarald Cates on her due process claim. In support thereof, Plaintiff states as follows:

1. Count I of Plaintiff's Second Amended Complaint alleges that Defendant Cates violated Plaintiff's constitutional right to due process when he sexually assaulted her, under color of law, on July 16, 2010. *See* Sec. Amd. Compl. at ¶¶ 49-54 (Count I: Due Process).

2. It is well-settled that sexual assault committed by a government actor under color of law is a substantive due process violation. *See, e.g., Alexander v. DeAngelo*, 329 F.3d 912, 917 (7th Cir. 2003) (rape committed under color of state law is actionable under 42 U.S.C. 1983 as a deprivation of liberty without due process of law); *Wudtke v. Davel*, 128 F.3d 1057, 1063-64 (7th Cir. 1997) (sexual assault is a violation of liberty interest protected by substantive due process).

3. Here, a federal jury convicted Defendant Cates of sexually assaulting Plaintiff under color of law on July 16, 2010. *See United States v. Cates,* 716 F.3d 445, 447 (7th Cir. 2013).

4. The jury further found that in so doing, Defendant Cates violated Plaintiff's liberty interest, secured by the due process clause of the Fourteenth Amendment. *See* Special Verdict, *United States v. Cates*, No. 11-CR-200-JPS, attached hereto as Ex. 1 (P895-96); Indictment, *United States v. Cates*, No. 11-CR-200-JPS, attached hereto as Ex. 2 (MPD 96-97).

5. Specifically, Defendant Cates was convicted of Count I, which the jury instructions defined as "having deprived [Ms. Lemons] of liberty without due process of law" by, *inter alia*, "forcing or intimidating [her] into engaging in unwanted sexual activities…." The jury also found that Defendant Cates did so "under color of law" by "using the power of [his] office." *See* Ex. 3, Jury Instructions, *United States v. Cates*, No. 11-CR-200-JPS, at 14.

6. Thus, Defendant Cates was convicted of the same constitutional violation that Plaintiff has pled in her §1983 due process claim—namely, that he violated Plaintiff's right to due process by sexually assaulting her under color of law.

7. Because Defendant Cates was convicted of this due process violation, this Court can and must enter judgment in Plaintiff's favor on her due process claim. By operation of the doctrine of collateral estoppel, Defendant Cates may not re-litigate the same issues that he previously litigated his criminal case. *See Appley v. West,* 832 F.2d 1021, 1026 (7th Cir. 1987) (Collateral estoppel, or issue preclusion, may be applied in civil trials to issues previously determined in a criminal conviction). Collateral estoppel "precludes relitigation of issues in a subsequent proceeding when: (1) the party against whom the doctrine is asserted was a party to the earlier proceeding; (2) the issue was actually litigated and decided on the merits; (3) the

resolution of the particular issue was necessary to the result; and (4) the issues are identical." *Kunzelman v. Thompson,* 799 F.2d 1172, 1176 (7th Cir.1986). Furthermore, the material facts underlying the conviction are established through the use of collateral estoppel. *See Appley*, 832 F.2d at 1026.

8. At his criminal trial, the central issue litigated was whether Defendant Cates sexually assaulted Plaintiff on July 16, 2010 under color of law, and in so doing, whether he violated her constitutionally guaranteed due process right. All of the elements of collateral estoppel are met: (1) Defendant Cates was a party to the earlier proceeding; (2) the issue of whether he violated Ms. Lemons' due process right to bodily integrity by sexually assaulting her under color of law was actually litigated and decided on the merits; (3) the resolution of the particular issue was necessary to the result; and (4) the issues in the criminal and civil cases, with respect to Count I of Plaintiff's Second Amended Complaint, are identical.

9. Collateral estoppel thus prohibits Defendant Cates from disputing any of the facts essential to his conviction, just as he may not attempt to undermine the conviction itself. *See Appley*, 832 F.2d at 1026. *Cf. Heck v. Humphrey*, ("This Court has long expressed … concerns for finality and consistency and has generally declined to expand opportunities for collateral attack [of convictions]."). Indeed, *no* party may dispute that Defendant Cates sexually assaulted Ms. Lemons on July 16, 2010 under color of law.

10. There can be no genuine dispute that Defendant Cates sexually assaulted Plaintiff under color of law on July 16, 2010, and that he violated Plaintiff's due process right as a result of this misconduct.

11. Furthermore, Defendant Cates is estopped from denying the following material facts underlying his conviction: (i) Defendant Cates compelled Ms. Lemons to engage in oral

and vaginal sex (*see* Ex. 3, Jury Inst. at 14, 17; Ex. 4, Transcript of Sentencing Hearing, *United States v. Cates,* at 20:24-21:4); (ii) Ms. Lemons did not consent to the sexual acts (*see* Ex. 3 at 14-15); (iii) Defendant Cates acted with the "specific intent to compel the victim to engage in sexual acts by using coercion, intimidation, or force, or by placing the victim in fear of physical harm" (*see id.* at 15).

12. Because Defendant Cates cannot challenge his conviction and is collaterally estopped from disputing any of the facts underlying that conviction, the elements of Plaintiff's due process claim in this civil action are undisputed. There are no genuine issues of material fact, and Plaintiff is entitled to judgment as a matter of law.

13. For the foregoing reasons, Plaintiff is entitled to summary judgment on her due process claim against Defendant Cates.[1]

14. Under Local Rule 56(a), Plaintiff hereby notifies pro se Defendant Cates that any factual assertion in Plaintiff's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless Defendant Cates submits his own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.

15. In addition, Plaintiff hereby quotes the text of Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7:

**Fed. R. Civ. P. 56 (c),(d), and (e)**
  (c) PROCEDURES.
      (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
          (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

---

[1] To be clear, a trial will still be required on the issue of Plaintiff's damages.

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

  (2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

  (3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

  (4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

  (1) defer considering the motion or deny it;

  (2) allow time to obtain affidavits or declarations or to take discovery; or

  (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

  (1) give an opportunity to properly support or address the fact;

  (2) consider the fact undisputed for purposes of the motion;

  (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

  (4) issue any other appropriate order.

**Civil L. R. 56. Summary Judgment.**
(a) Pro Se Litigation.
(1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
(A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.
(B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.
(2) This procedure also applies to motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) or motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) where matters outside the pleadings are presented to the Court.
(b) Additional Summary Judgment Procedures. Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil L. R. 7. In addition, with the exception of Social Security

reviews, other actions for review of administrative agency decisions, and other actions in which a judge relieves the parties of this Rule's requirements, the following must be met:

(1) Moving Party's Principal Materials in Support of Motion. With each motion for summary judgment, the moving party must file:

(A) a memorandum of law;

(B) a statement setting forth any material facts to which all parties have stipulated;

(C) a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law;

(i) the statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the fact described in that paragraph;

(ii) a moving party may not file more than 150 separately numbered statements of fact;

(iii) failure to submit such a statement constitutes grounds for denial of the motion; and

(D) any affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

(2) Opposing Party's Materials in Opposition. Each party opposing a motion for summary judgment must file within 30 days of service of the motion and the materials required by subsection (b)(1), above:

(A) a memorandum of law;

(B) a concise response to the moving party's statement of facts that must contain:

(i) a reproduction of each numbered paragraph in the moving party's statement of facts followed by a response to each paragraph, including, in the case of any disagreement, specific references to the affidavits, declarations, parts of the record, and other supporting materials relied upon, and

(ii) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, declarations, parts of the record, and other supporting materials relied upon to support the facts described in that paragraph. A non-moving party may not file more than 100 separately-numbered statements of additional facts; and

(C) any opposing affidavits, declarations, and other materials referred to in Fed. R. Civ. P. 56(c).

WHEREFORE, for the foregoing reasons and as more fully explained in the accompanying Memorandum, Plaintiff's motion for partial summary judgment should be granted.

RESPECTFULLY SUBMITTED,

/s/ Roshna Bala Keen

Arthur Loevy
Jon Loevy
Roshna Bala Keen
Theresa Kleinhaus

LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
Ph: (312) 243-5900
Fx: (312) 243-5902

Robin Shellow
THE SHELLOW LAW GROUP
324 West Vine Street
Milwaukee, Wisconsin 53212
(414) 263-4488

## CERTIFICATE OF SERVICE

    I, Roshna Bala Keen, an attorney, certify that on October 1, 2015, I served the attached motion to all counsel of record via the Court's CM/ECF filing system.

                          /s/ Roshna Bala Keen